Filed 3/20/13  P. v. Gladden CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E054094 |
| v. | (Super.Ct.No. RIF1101302) |
| GENE WILLIAM GLADDEN, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Christian F. Thierbach, Judge.  Affirmed.

Brendan M. Hickey, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Lilia E. Garcia and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Gene William Gladden was caught in possession of copper welding cable that had been stolen two days before from a fencing company that was located nearby.

Defendant was convicted of receiving stolen property.  (Pen. Code, § 496, subd. (a).)[1]  In a bifurcated proceeding, defendant admitted, after waiving his right to a trial, that he had suffered six prior convictions for which he had served a prior prison term. (§ 667.5, subd. (b).)  Defendant's motion to reduce the current offense to a misdemeanor pursuant to section 17, subdivision (b) (hereinafter, § 17b) was denied.  Defendant was sentenced to two years for the offense and one year for each of the six prior prison term enhancements, for a total of eight years in state prison.

Defendant contends on appeal as follows:  (1) the trial court erred by admitting evidence of a prior conviction of possessing a stolen vehicle, (2) the trial court improperly instructed the jury with CALCRIM No. 376, and (3) the trial court committed prejudicial error by refusing to reduce his offense to a misdemeanor pursuant to section 17b.

I

FACTUAL BACKGROUND

Michael Day was the sales manager for Elrod Fence Company (Elrod) located on Mission Road Boulevard in the Rubidoux area of Riverside County near the 60 freeway.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

In their business, they used welding cables that contained copper wires. On the night of January 14, 2011, someone broke into the property by cutting a hole through a fence surrounding the property. Welding cables had been taken from the property. Several saws were also missing.

Mike Downing was a construction worker employed by Downing Construction and was working in an area near the 60 freeway sometime after the theft at Elrod. Downing observed a group of four people -- two women and two men -- near where he was working who were acting suspiciously. Defendant was one of the four. The area was about 300 to 400 yards from the fence surrounding Elrod. Downing observed the four persons go through an area where there was an opening in the fence; they came back dragging welding cables toward their car. Downing estimated they were dragging 400 feet of cables. He thought it was strange that they had so much cable because he knew that it was expensive.

Downing approached them. One male and two females got in the car and drove off, leaving defendant alone. Defendant told Downing that his "buddy" had been arrested because he was in a stolen vehicle and called him to get the cables that he had dumped in a nearby ditch. Downing told him that he did not believe him. Defendant told Downing he was going to "scrap" the items. Defendant denied that the cables were stolen and explained that if they had been stolen, he would have run when confronted by Downing.

Downing asked defendant if he could buy the cables from him. Downing believed the cables had been stolen and intended to buy the items and then call the police.

3

Defendant took $60 for the cables. Downing then offered to give defendant a ride. Defendant told him he lived up the street near a school and gave Downing the number of his home but not the street name. Before Downing could take him home, the three other people came back.

Several days later, Downing found out that Elrod had been broken into and that the cables belonged to them. Downing sold them back to Elrod for the $60 he had paid for them. Day did not know defendant, and defendant did not have permission to have the welding leads. Day estimated that 20 feet of welding cable was worth $50 or $60, which would make the 400 feet of cable worth between $1,000 and $1,200. He also testified that he bought 700 feet of new cable that cost $1,300.

Riverside County Sheriff's Deputy Christopher Murphy received a call from Elrod that the cables had been returned. Deputy Murphy contacted Downing. Downing gave Deputy Murphy a description, and Deputy Murphy surmised it was defendant. Defendant lived about one mile from the location where he was found with the cables. Defendant lived less than one mile from Elrod. Deputy Murphy contacted defendant on January 24, and he was arrested.

Deputy Murphy explained that copper had a high scrap value. Riverside County had an enormous problem with the theft of copper wire because of its value. There was a recycle facility near Elrod.

The parties stipulated that defendant had a prior conviction for receiving a stolen vehicle in 2004. Defendant presented no evidence.

4

## II

## ADMISSION OF PRIOR CONVICTION

Defendant contends that the trial court erred by admitting his 2004 conviction for being in possession of a stolen vehicle. He insists that admission of the prior conviction was only relevant to show his criminal disposition, and the trial court failed to consider that the admission of the prior conviction was more prejudicial than probative under Evidence Code section 352. The admission of the prior conviction violated his right to a fair trial, and his conviction must be reversed.

A. *Additional Factual Background*

Prior to trial, the People filed a motion in limine seeking to introduce defendant's prior convictions for possessing stolen property pursuant to Evidence Code section 1101, subdivision (b). The prior convictions of receiving stolen property were relevant to show intent and negate defendant's excuse. By pleading guilty in the prior cases, he had admitted all of the elements. The People in their written motion stated that once the trial court determined the evidence was admissible under Evidence Code section 1101, subdivision (b), it then must make an Evidence Code section 352 determination of its admissibility. The People intended only to admit the certified prior conviction to prove the priors.

Prior to trial, the trial court addressed the admission of the prior convictions. The People explained that defendant had two prior convictions for possession of stolen property, and according to the reports, in each case he denied knowledge that the property

5

was stolen. The main issue in the current case was defendant's knowledge that the welding cables were stolen. The People stated they were planning to introduce certified copies of the convictions to prove knowledge. If necessary, the People could present the arresting officers in those cases.

Defendant argued that the prior convictions involved theft of cars, not wire as in this case, and were too remote. The People responded that defendant was in possession of a stolen vehicle in 2004 and that there was sufficient similarity between the events to warrant admission.

The trial court agreed to admit the certified prior conviction for the 2004 prior violation of section 496, subdivision (a) for possession of a stolen vehicle. No other priors would be admitted. The prior was admitted pursuant to Evidence Code section 1101, subdivision (b) to support the theory of knowledge. Defendant did not want the entire certified record to come in because it referenced prison time and prior convictions. As a result, defendant stipulated to the prior conviction.

The jury was informed as follows: "The Defense and Prosecution stipulate that on November 8, 2004, [defendant] was convicted of a violation of Penal Code Section 496(d) Subdivision (a), receiving stolen property, specifically, a motor vehicle. And you, the members of the jury, must accept this as true. [¶] I'm going to instruct you in greater detail as to how in the very limited way you can use this information. But because the parties have agreed to that, there's no issue remaining, and you are to accept it as a proven fact."

6

B.    *Analysis*

Evidence Code section 1101, subdivision (b) provides, in relevant part: "Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact []such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident . . . ." However, even if the evidence is relevant, under Evidence Code section 352, "the trial court enjoys broad discretion in assessing whether the probative value of particular evidence is outweighed by concerns of undue prejudice, confusion or consumption of time. [Citation.]  Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.  [Citations.]'  [Citation.]" (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125; see also *People v. Davis* (2009) 46 Cal.4th 539, 602.)

Here, we need not consider whether the trial court made the correct decision to admit the prior conviction pursuant to Evidence Code sections 352 and 1101, subdivision (b), as its admission was not prejudicial.  Reversal is only required if it is reasonably probable that a more favorable result would have occurred had the prior conviction been excluded.  (*People v. Rodrigues, supra*, 8 Cal.4th at p. 1125; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

7

There was no showing of prejudice, as the jury was instructed that it was not to consider the evidence of the prior conviction in determining whether defendant was guilty in the current case. It was advised as follows: "The People have presented evidence that the defendant committed the offense of possessing stolen property, specifically, a vehicle, that was not charged in this case. . . . [¶] . . . [¶] Now, this evidence has already been proven. In fact, you are to treat it as a proven fact. That was the stipulation that was read to you. However, you can use that evidence only for a very limited purpose, and I will describe that to you in a moment. [¶] If you decide that the defendant committed the uncharged offense, you may, but are not required, to consider that evidence for the limited purpose of deciding whether or not the defendant knew the copper wiring he possessed in this case was stolen or obtained by theft and, with that knowledge, concealed or withheld it from its owner. Do not consider this evidence for any other purpose. [¶] Do not conclude from this evidence that the defendant has a bad character or is disposed to commit a crime. [¶] If you conclude that the defendant committed the uncharged offense, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove the defendant guilty of the crime charged in this case. The People must still pro[ve] the charge in this case beyond a reasonable doubt."

"Jurors are presumed able to understand and correlate instructions and are further presumed to have followed the court's instructions. [Citation.]" (*People v. Sanchez* (2001) 26 Cal.4th 834, 852.) We assume the jury did not consider the evidence as

8

proving defendant was guilty of the current crime and considered all of the evidence in reaching a decision on his guilt.

In proving the crime of receiving stolen property, the People had to prove that the property was received, concealed, or withheld by the defendant; the property was obtained by theft; and the defendant knew the property was stolen. (*People v. Grant* (2003) 113 Cal.App.4th 579, 596.)

Here, defendant's guilt was clearly established by other evidence presented in the case. Defendant knew exactly where the cables were located. He brought several people with him to haul the very heavy cables. The three people with defendant immediately fled once Downing approached them and asked defendant about the cables. Although defendant claimed that his friend had left the cables for him, this did not explain where his friend obtained the cables, which were just 400 yards from Elrod. Additionally, although defendant said he would have run if he had thought they were stolen, it was reasonable for the jury to conclude that his friends deserted him and that Downing did not present a threat to defendant.

Finally, defendant knew the purpose of the cables: to scrap them. With this knowledge, defendant took $60 for property that was worth over $1,000. The jury could reasonably infer that defendant was aware that the cables had been stolen, and defendant was happy to take whatever amount of money he could get for them.

Based on the foregoing, it does not appear reasonably probable that without the admission of the prior conviction, a result more favorable to the defendant would have

9

been reached.  (*People v. Rodrigues, supra,* 8 Cal.4th at p. 1125.)  We reject defendant's claim.

### III

### CALCRIM NO. 376

Defendant contends that the trial court erred by instructing the jury with CALCRIM No. 376.  The jury was instructed with CALCRIM No. 376, entitled POSSESSION OF RECENTLY STOLEN PROPERTY AS EVIDENCE OF A CRIME, as follows:  "If you conclude that the defendant knew he possessed property, and you conclude that the property had in fact been recently stolen, you may not convict the defendant based on those facts alone.  However, if you also find that supporting evidence tends to prove his guilt, then you may conclude that the evidence is sufficient to prove he committed the charged crime, possession of stolen property.  [¶]  The supporting evidence need only be *slight* and need not be enough to prove guilt.  You may consider how, where, and when the defendant possessed the property, along with any other relevant circumstances tending to prove his guilt.  Remember that you may not convict the defendant of any crime unless you are convinced that each fact essential to the conclusion that the defendant is guilty of that crime has been proved beyond a reasonable doubt."  (Italics added.)

Defendant complains that the instruction lowered the People's burden of proof because it allowed the jurors to find him guilty based only on "slight" circumstantial evidence and not beyond a reasonable doubt.  He also insists that the instruction is only

appropriate if he was silent or gave a false explanation as to his possession of the property. Since defendant truthfully explained how he came into possession of the property, the instruction was erroneously given and his conviction must be reversed.

Initially, defendant did not object to the instruction as it was given in the trial court. When an instruction is a correct statement of the law but a defendant claims it should be modified or refined to fit the particular facts, he or she must raise that claim below or it is waived. (See *People v. Rodrigues, supra,* 8 Cal.4th at p. 1142; *People v. Daya* (1994) 29 Cal.App.4th 697, 714.) This instruction is a correct statement of the law. Therefore, if defendant believed that the instruction was erroneous under the facts of this case because he was not silent and did not give a false explanation as to his possession of the property, then any modification had to be requested by him or any objection to the instruction had to be made below. His failure to do so waives the claim on appeal.

Moreover, "[p]ossession of recently stolen property is so incriminating that to warrant conviction there need only be, in addition to possession, slight corroboration in the form of statements or conduct of the defendant tending to show his guilt. [Citations.]" (*People v. McFarland* (1962) 58 Cal.2d 748, 754.) CALCRIM No. 376, like its predecessor CALJIC No. 2.15, "is an instruction generally favorable to defendants; its purpose is to emphasize that possession of stolen property, alone, is insufficient to sustain a conviction for a theft-related crime. [Citations.]" (*People v. Gamache* (2010) 48 Cal.4th 347, 375.) The California Supreme Court explained that CALJIC No. 2.15 "does not establish an unconstitutional mandatory presumption in favor

11

of guilt [citation] or otherwise shift or lower the prosecution's burden of establishing guilt beyond a reasonable doubt [citations]." (*Gamache,* at p. 376.) The language in CALCRIM No. 376 and CALJIC No. 2.15 is "linguistically synonymous" and "constitutionally indistinguishable." (*People v. Solorzano* (2007) 153 Cal.App.4th 1026, 1036.) As such, "CALCRIM No. 376 neither undermines the presumption of innocence nor violates due process." (*Ibid*.)

As previously stated, defendant further contends that CALCRIM No. 376 and the cases upholding it are premised on the defendant making false statements or being silent when confronted by authorities in order to allow for a permissive inference of guilt to be made. He insists that since the facts of this case do not involve unexplained possession or a false explanation of possession, the instruction that only "slight" evidence is necessary to satisfy one of the elements of the offense – knowledge -- was improperly given in this case.

While we may not agree with defendant that he never made any false statements about his possession of the welding cables, we reject that a false statement or silence was required. In *People v. Anderson* (2007) 152 Cal.App.4th 919, a case not discussed by defendant, the defendant challenged the use of CALCRIM No. 376 on the ground, among others, that it "'misstate[d] the common law permissive inference of guilt of theft from possession of recently stolen property by removing the requirement that such possession must be unexplained.'" (*Anderson,* at p. 947.) The defendant relied on *People v. McFarland, supra,* 58 Cal.2d 748, and *Barnes v. United States* (1973) 412 U.S. 837 (93

12

S.Ct. 2357, 37 L.Ed.2d 380). The court rejected the defendant's argument, holding that neither *McFarland* nor *Barnes* supported the defendant's position. The *Anderson* court explained, "In *McFarland*, the court stated the following rule: 'Where recently stolen property is found in the conscious possession of a defendant who, upon being questioned by the police, gives a false explanation regarding his possession or remains silent under circumstances indicating a consciousness of guilt, an inference of guilt is permissible and it is for the jury to determine whether or not the inference should be drawn in the light of all the evidence.' [Citation.] However, before stating the foregoing rule, the state high court in *McFarland* acknowledged the more general rule that possession of recently stolen property together with other corroborating evidence is sufficient to infer guilt. [Citation.] The court went on to state that a failure to explain or a false explanation of such possession is one type of corroborating evidence. In other words, the court in *McFarland* did not say that possession must be unexplained to be relevant but that the lack of an explanation for possession is one type of corroborating evidence sufficient to support a conviction. [Citation.]" (*Anderson,* at p. 948.)

The *Anderson* court further held, "In *Barnes*, the jury was instructed that "'[p]ossession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.'" [Citation.] The United States Supreme Court found no problem in this instruction, which permitted an inference of guilt from

13

unexplained possession. In other words, as in *McFarland*, possession of recently stolen property coupled with a lack of explanation is sufficient to support conviction. However, the court did not say this was the only acceptable type of corroborating evidence." (*Anderson, supra,* 152 Cal.App.4th at p. 948.)

Neither *Barnes* nor *McFarland* requires that a defendant's possession of recently stolen property be unexplained in order to give CALCRIM No. 376. This is only one type of corroborating evidence that can be used to show knowledge of possession of stolen property. Here, there was other corroborating evidence -- defendant's willingness to sell the cables for much less than they were worth, the fact that his friends immediately left the scene upon Downing questioning them and the mere location of the expensive cables near the location from which they were stolen -- to support instruction with CALCRIM No. 376.

IV

REDUCTION TO MISDEMEANOR PURSUANT TO SECTION 17(B)

Defendant contends that the trial court (in denying his motion pursuant to section 17b to reduce his conviction for violating section 496, subdivision (a) to a misdemeanor) erroneously determined that the value of the welding cables exceeded $950. Defendant calculates the welding cables to be less than $950. Hence, he insists remand for resentencing is required so the trial court can properly exercise its discretion with such knowledge.

A.      *Relevant Proceedings*

Prior to the case going to the jury, defendant asked that the charge be reduced to a misdemeanor because the value of the cables was less than $950.  The trial court and the People stated that such a threshold amount was not necessary for receiving stolen property; it was for grand theft.  It further stated the motion was premature since he had not been convicted.  It noted that, based on defendant's record, it was unlikely to reduce the charge to a misdemeanor.

Later, the trial court noted that section 496 had been amended so that if the value of the property was less than $950, it was within the People's discretion to choose to file the charge as a misdemeanor.  However, the People were not mandated to file a misdemeanor if the value of the property was less than $950.  The trial court was convinced the welding cables were worth more than $950 but would entertain a section 17b motion at the time of the sentencing.

At the time of sentencing, defendant argued that a felony conviction for possession of stolen property required that the property value exceed $950.  He argued that the cables, when they were brand new, were worth $1,300 for 700 feet, and the ones taken were old.  Thus, the value of the welding cables was below the $950 threshold.  The People argued the cables were worth more than $950 and that, based on defendant's extensive record, it was not appropriate to reduce his conviction to a misdemeanor.

The trial court first noted that, "[i]f this was a first offense, it probably would have been filed as a misdemeanor.  It is not a first offense.  [Defendant] has been going to

15

prison regularly. He's got six prison priors in less than 20 years. In fact, about 18 years. It's every three years he goes back to prison." It then ruled, "The Court is satisfied that the value of the property exceeded $950 and, therefore, the felony prosecution is appropriate."

B.     *Analysis*

Receiving stolen property is a "wobbler" offense because it is punishable by either imprisonment in a state prison or in a county jail. (§ 496, subd. (a).) Section 496, subdivision (a) was recently modified to include language that if the value of the property does not exceed $950, the district attorney can choose, within its discretion, to file the offense as a misdemeanor. (§ 496; Stats.2009-2010, 3rd Ex.Sess., ch. 28, § 23, eff. Jan. 25, 2010.) Here, the People charged defendant with a felony violation of section 496, subdivision (a).

Under section 17b, the trial court can reduce a felony offense to a misdemeanor. When exercising its discretion under section 17b, the trial court considers "'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.' [Citations.]" (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 978 (*Alvarez*), fn. omitted.)

Judges can consider the general objectives of sentencing as set forth in California Rules of Court, rule 4.410. These objectives are: "(1) Protecting society; [¶] (2) Punishing the defendant; [¶] (3) Encouraging the defendant to lead a law-abiding life in

16

the future and deterring him or her from future offenses; [¶] (4) Deterring others from criminal conduct by demonstrating its consequences; [¶] (5) Preventing the defendant from committing new crimes by isolating him or her for the period of incarceration; [¶] (6) Securing restitution for the victims of crime; [¶] and (7) Achieving uniformity in sentencing." (Cal. Rules of Court, rule 4.410(a)(1)-(7).)

We review the trial court's denial of a motion to reduce the felony conviction to a misdemeanor for abuse of discretion. (*Alvarez*, *supra*, 14 Cal.4th at p. 981.) "'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.]" (*Id*. at pp. 977-978.)

Here, the evidence was conflicting as to the value of the welding cables. Downing first testified that 700 feet of new cable cost him $1,300. However, later, when asked what 20 feet of welding cables would be worth, he estimated that 20 feet would be valued at $50 or $60. Under this calculation (400 feet divided by 20 feet times $50), the value would be $1,000. As such, the trial court could consider that the value of the welding cables was more than $950 and could properly consider that evidence in refusing to reduce the misdemeanor to a felony.

Moreover, even if the trial incorrectly valued the welding cables, it also considered defendant's extensive record in refusing to reduce the conviction to a misdemeanor.

Defendant admitted he had committed all six of the offenses charged in the information, and these convictions included one conviction for receiving stolen property and two for receiving a stolen vehicle.  Based on defendant's record, the trial court did not abuse its discretion by refusing to reduce the felony conviction to a misdemeanor.

V

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
J.

We concur:

RAMIREZ
P. J.

KING
J.

18